UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DENNIS LEE HOHOL,**
               **Petitioner,**

        v.                              Case No. 08-C-886

**MIKE DITTMANN,**
               **Respondent.**

## ORDER GRANTING MOTION TO DISMISS

Dennis Lee Hohol ("Hohol"), a person incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 20, 2008. (Docket No. 1.) The Honorable Charles N. Clevert, Jr. screened Hohol's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and twice ordered Hohol to amend his petition. (Docket Nos. 3, 11, 14.) On December 9, 2009, Judge Clevert ordered the respondent to answer the petition. (Docket No. 14.) Rather than answering the petition, the respondent filed a motion to dismiss. (Docket No. 20.) Hohol has responded, (Docket No. 23), and the respondent has not replied. The pleadings on the respondent's motion to dismiss are closed and the matter is ready for resolution. This matter was transferred to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (Docket No. 19.)

The respondent contends that all of the claims raised by Hohol have been procedurally defaulted for failure to exhaust his state court remedies with respect to any of these claims. (Docket No. 21 at 1.) Specifically, the respondent contends that Hohol never petitioned the Wisconsin Supreme Court to review any of the claims he presents in his present petition. (Docket No. 21 at 1.)

Hohol was convicted in Waukesha County Circuit Court of three counts of Second Degree Sexual Assault of a Child and one count of Child Enticement, in two separate case numbers, which

were joined for trial. (Docket No. 12 at 2.) Hohol appealed and the court of appeals affirmed his conviction in an unpublished per curiam decision dated September 28, 2005. (Docket No. 12 at 3; Docket No. 21-3.)

Although Hohol checked the box on this district's standard § 2254 petition form indicating that he sought review by the highest state court, (Docket No. 12 at 3), this contention is not supported by a review of the many hundreds of pages of documents that Hohol has filed with the court. Nowhere in these documents is an order denying review or decision on the merits by the Wisconsin Supreme Court or even a petition for review by the Wisconsin Supreme Court.

Further, Hohol's contention is not supported by a review of the electronic dockets of the Wisconsin courts. (See Case Nos. 2004AP126-CR and 2004AP127-CR, available at http://wscca.wicourts.gov; Waukesha County Case Nos. 2000CF639 and 2001CF380, available at http://wcca.wicourts.gov.) The dockets of Hohol's cases in both the circuit and appellate courts are devoid of any indication that the matter was appealed to the Wisconsin Supreme Court. Thus, Hohol's conviction became final upon the conclusion of his direct appeal with the filing of the remittitur from the court of appeals affirming the conviction on November 1, 2005. (Docket No. 21-4.) In early-2007, Hohol began filing various motions for post-conviction relief, which were denied by the circuit court on April 16, 2008. (Docket No. 12 at 22-28; Waukesha Cir. Ct. Case No. 2000CF639, Docket No. 133.)

Hohol did not appeal but instead filed various additional motions with the circuit court, (Waukesha Cir. Ct. Case No. 2000CF639, Docket Nos. 134, 135), which were denied on June 4, 2008, (Waukesha Cir. Ct. Case No. 2000CF639, Docket No. 136). Again, Hohol did not appeal but instead filed more motions and letters with the circuit court, (Waukesha Cir. Ct. Case No. 2000CF639, Docket Nos. 137, 138, 139, 140, 142, 143, 144, 145, 146, 147, 150.) On November 20, 2009, the court denied Hohol's motions and sanctioned him $100.00. (Waukesha Cir. Ct. Case No.

2000CF639, Docket No. 151.) Still Hohol did not appeal but continued filing motions with the Circuit Court and the same pattern of more motions, (Waukesha Cir. Ct. Case No. 2000CF639, Docket No. 152, 153, 154), followed by the court denying relief, (Waukesha Cir. Ct. Case No. 2000CF639, Docket No.155), followed by another motion, (Waukesha Cir. Ct. Case No. 2000CF639, Docket No.157), has continued.

It is well-established that before an individual in state custody may turn to the federal courts for relief under 28 U.S.C. § 2254, the individual must first exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); Baldwin v. Reese, 541 U.S. 27 (2004). Exhaustion of state remedies means that the petitioner must have "fairly present" each claim he raises in his § 2254 petition to all levels of the state judicial process, Sturgeon v. Chandler, 552 F.3d 604, 610 (7th Cir. 2009), which in this case includes presenting his claims to the Wisconsin Supreme Court. The record is clear that Hohol never sought review by the Wisconsin Supreme Court and thus, necessarily, procedurally defaulted all claims raised in his present petition.

Such procedural default shall be excused only if the petitioner is able to "demonstrate cause for the default and actual prejudice as a result of the failure, or demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice." Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002). Although Hohol submitted 34 pages in response to the respondent's motion to dismiss, Hohol largely focuses upon the merits of his claims and does not address the question of whether there was sufficient cause for his failure to exhaust his state court remedies with respect to his claims. The "cause" prong of the cause and prejudice inquiry may be satisfied upon a showing that "some external impediment," such as "government interference or the reasonable unavailability of the factual basis for the claim," McCleskey v. Zant, 499 U.S. 467, 497 (1991), prevented the petitioner from avoiding procedural default. Murray v. Carrier, 477 U.S. 478, 492 (1986).

Hohol has made no effort to demonstrate the existence of cause for his procedural default, and the record before this court contains no such cause. Thus, having concluded that Hohol has failed to demonstrate cause for his failure to exhaust his state court remedies, the court need not consider the prejudice element.

Turning to the independent question of whether refusing to excuse Hohol's procedural default would result in a fundamental miscarriage of justice, relief in such circumstances is appropriate only "where the constitutional violation has probably resulted in a conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298, 327 (1995). To show 'actual innocence,' [the petitioner] must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. Id." Dellinger v. Bowen, 301 F.3d 758, 767 (7th Cir. 2002).

Based upon a review of the documents submitted and notably the amended petition, (Docket No. 12), response, (Docket No. 23), decision of the court of appeals, (Docket No. 21-3), and the subsequent decision by the circuit court, (Docket No. 12 at 22-28), the court concludes that the petitioner has failed to demonstrate that the alleged errors have resulted in the incarceration of a person who is actually innocent. Accordingly, the motion to dismiss, (Docket No. 20), shall be granted.

Further, the court finds that the petitioner has failed to make a substantial showing of a denial of constitutional right, see 28 U.S.C. § 2253(c)(2), and thus, in accordance with Rule 11 of the Rules Governing Section 2254 Cases, the court **denies** the petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the motion to dismiss, (Docket No. 20), is **granted**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this <u>5th</u> day of April, 2010.

                                                      s/AARON E. GOODSTEIN
                                                      U.S. Magistrate Judge